IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOHN C. KING, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:18-CV-00825-ALM-CAN |
| | § | |
| v. | § | |
| | § | |
| SELECT PORTFOLIO SERVICING, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Came on to be considered this day Plaintiff's Notice of Voluntary Dismissal ("Motion for Voluntary Dismissal") [Dkt. 54]. Defendants filed a Response in opposition to Plaintiff's Motion for Voluntary Dismissal [Dkt. 55]. Having considered Plaintiff's Motion for Voluntary Dismissal [Dkt. 54] and Defendants' Response [Dkt. 55], the Court recommends Plaintiff's Motion for Voluntary Dismissal be **DENIED**.

**BACKGROUND**

On October 22, 2018, Plaintiff filed the instant suit in state court, seeking to enjoin foreclosure proceedings concerning the real property located at: 11898 Eastpark Lane, Frisco, Texas 75034 (the "Property") [Dkt. 1 at 1-2]. Defendants answered in state court on November 13, 2018 [Dkt. 5]. On November 21, 2018, Defendants removed this action to the Eastern District of Texas, Sherman Division [Dkt. 1]. On December 7, 2018, Defendants sent Plaintiff and Ms. King a further notice of acceleration [Dkts. 36 at 3; 41-2 at 7-13]. On January 25, 2019, Plaintiff filed a Motion for Preliminary Injunction, seeking to enjoin foreclosure proceedings, scheduled to take place on February 5, 2019 [Dkt. 26]. Defendants pulled down the February 5 foreclosure sale but

advised Plaintiff that the Property would be posted again, one month later, for the March 5, 2019 foreclosure sale [Dkt. 28]. On January 29, 2019, Defendants formally notified Plaintiff and Ms. King that the Property had been posted for a non-judicial foreclosure scheduled for March 5, 2019 [Dkt. 41-2 at 16-34].

On February 11, 2019, Plaintiff filed a Motion for Preliminary Injunction, seeking to enjoin the March 5 foreclosure proceedings [Dkt. 36]. On February 15, 2019, the Court ordered an expedited response to the Motion and set this matter for Hearing [Dkt. 39]. On February 22, 2019, Defendants filed their Response and the Declarations of Sherry Benight, a Document Control Officer with SPS, and Brandon Wolf, the Vice President of Mackie Wolf Zientz & Mann, the firm which accelerated the Loan on SPS's behalf on December 7, 2018 and notified Plaintiff and Ms. King of the scheduled foreclosure on January 29, 2019 [Dkt. 41]. On February 25, 2019, Plaintiff filed a Reply [Dkt. 45], and on February 26, 2019, Defendants filed a Sur-Reply [Dkt. 43].

On February 26, 2019, the Court held a Hearing on the Motion. On the same date, the Court entered a Report and Recommendation recommending that Plaintiff's requests for emergency relief be denied [Dkt. 50]. The Parties agreed to shorten the objections period to three (3) days. Instead of filing objections to the Report, on February 28, 2019, Plaintiff moved to voluntarily dismiss this matter [Dkt. 54]. On the same date, Defendants filed their opposition to the voluntary dismissal [Dkt. 55].

## DISCUSSION

Pursuant to Rule 41(a)(1), a "plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1). As an initial matter, the Court notes that Plaintiff's Motion does not fall within

Rule 41(a)(1), and therefore, the absolute right to dismissal is not implicated. "First, Rule 41(a)(1)(i) does not apply because [Defendants] answered the complaint in state court before removing the action. Second, Rule 41(a)(1)(ii) is inapplicable because [Defendants] ha[ve] refused to stipulate to [Plaintiff's] dismissal." *See Harden v. Field Mem'l Cmty. Hosp.*, 516 F. Supp. 2d 600, 605 (S.D. Miss. 2007), *aff'd*, 265 F. App'x 405 (5th Cir. 2008). "Accordingly, [P]laintiff's motion must be construed under Rule 41(a)(2)." *See id.*

Plaintiff's Motion for Voluntary Dismissal [Dkt. 54], is a bare-bones pleading that provides no justification or explanation for why his claims should be dismissed without prejudice at this stage of the proceedings. Defendants, in contrast, argue:

> The Court must determine whether dismissal is appropriate under Federal Rule of Civil Procedure 42(a)(2) and, if so, under what circumstances. Dismissal is not appropriate because dismissing the lawsuit under the current circumstances would exact "plain legal prejudice" upon Defendants. *See Mesa*, 2018 WL 1163219, at *1. Moreover, a dismissal at this juncture would be terribly inefficient on account of the many hours the Court and parties have spent addressing Plaintiff's Amended Motion for Preliminary Injunction [Dkt. 36] and Defendants' Motion to Dismiss [Dkt. 29], each of which have been fully briefed, including responses, replies, and surreplies. In the case of Plaintiff's Amended Motion for Preliminary Injunction, the Court held a lengthy hearing on Tuesday, February 26, 2019. The Court then worked through the day and night to promptly draft a 22-page Report and Recommendation, so that the parties would have sufficient time to file objections before the March 5, 2019 foreclosure sale Plaintiff seeks to enjoin. Because the Court did not rule in Plaintiff's favor, Plaintiff now seeks to dismiss the lawsuit. Presumably, he seeks dismissal, so he can take his losing injunction fight elsewhere.

[Dkt. 55 at 2].

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); *accord Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 n. 2 (5th Cir. 2002); *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 198–99 (5th Cir. 1991). "The decision to dismiss an action rests within the sound discretion of the trial court and may only be

reversed for an abuse of that discretion." *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985); *see United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 329 (5th Cir. 2003) (citation omitted); *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1274–75 (5th Cir. 1990) (citing *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)). Generally, a motion for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the possibility of a second lawsuit. *Doe*, 343 F.3d at 330 (citing *Elbaor*, 279 F.3d at 317); *Davis*, 936 F.2d at 199. The purpose of Rule 41(a)(2), however, is to prevent voluntary dismissals from unfairly prejudicing the opposing party and to allow the court to impose curative conditions. *Elbaor*, 279 F.3d at 317. In evaluating a motion for voluntary dismissal, the Court should take into consideration whether an unconditional dismissal will cause the non-movant to suffer legal prejudice. Legal prejudice has been defined as "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). For example, legal prejudice exists when an affirmative defense, such as the statute of limitations, would be lost. *See United States ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 297 (5th Cir. 2003) (citing *Elbaor*, 279 F.3d at 318; *Phillips v. Illinois Cent. Gulf R.R.*, 874 F.2d 984, 987–88 (5th Cir. 1989)). "Plain legal prejudice can also exist regarding the timing of a motion for voluntary dismissal." *Robles v. Atlantic Sounding Co.*, 77 F. App'x 274, 275 (5th Cir. 2003). If the Court finds that legal prejudice does not exist, then the motion should be granted. *See Elbaor*, 279 F.3d at 317. If, however, the Court finds that the motion will cause legal prejudice, then the Court can deny the motion or impose conditions that will cure the prejudice. *Id.* at 317–18.

"The Court may look to several nonexclusive factors in determining whether a defendant will suffer prejudice from voluntary dismissal. These include excessive delay and lack of diligence in seeking dismissal; insufficient explanation for the need to take a dismissal; the stage of litigation; whether the defendant will lose substantive legal rights, *e.g.*, loss of defenses; and whether the dismissal is sought only to avoid an adverse decision or to seek a more favorable forum." *Hereford v. Carlton*, 9:15-CV-26, 2016 WL 7042230, at *7–8 (E.D. Tex. Mar. 16, 2016) (citing *Unida v. Levi Strauss & Co.*, 986 F.2d 970, 974 (5th Cir. 1993)(delay or lack of diligence in seeking dismissal and stage of litigation); *Colon Cabrera v. Esso Std. Oil Co. (P.R.), Inc.*, 723 F.3d 82, 88 (1st Cir. 2013)(lack of diligence and insufficient explanation for dismissal); *Hyde v. Hoffman-La Roche*, 511 F.3d 506, 509 (5th Cir. 2007), *Phillips v. Illinois Cent. Gulf R.R.*, 874 F.2d 985, 987 (5th Cir. 2007) (loss of defenses); *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174-175 (5th Cir. 1990) (whether dismissal is sought to avoid an adverse decision or to seek a more favorable result)).

On balance, the Court's review of the relevant factors governing a Rule 41(a)(2) motion for voluntary dismissal weigh in favor of denying Plaintiffs' Motion for Voluntary Dismissal [Dkt. 54]. As noted *supra*, Plaintiff has not offered any valid and/or plausible explanation for seeking voluntary dismissal. *See Leeway Properties, Inc. v. Jonesfilm*, CIV.A. 11-2628, 2012 WL 4471848, at *3 (E.D. La. Sept. 27, 2012) (denying plaintiff's motion for voluntarily dismissal in part because plaintiff did not provide an explanation for why he desired to voluntarily dismiss the action). Although the Parties have conducted little to no discovery and the dispositive motion deadline has not expired, the record shows that dismissal is likely sought to avoid an adverse decision and/or seek a more favorable result elsewhere. Here, the Parties have fully briefed the merits of Plaintiff's claims, and after Hearing, the Court entered a Report, finding that Plaintiff is

unlikely to succeed on the merits of his claims and that the foreclosure sale set to take place a mere five days before the filing of the instant Motion should not be enjoined. Defendants are correct in asserting that significant effort has been expended by Defendants thus far in defending this action. Accordingly, Plaintiff's Motion for Voluntary Dismissal should be denied.

### RECOMMENDATION

Based on the foregoing, the Court recommends that Plaintiff's Motion for Voluntary Dismissal [Dkt. 54] should be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 3rd day of March, 2019.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE