# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JOHN C. KING § | |
| § | Civil Action No. 4:18-CV-825 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| SELECT PORTFOLIO SERVICING, INC., § | |
| ET AL. | |

## MEMORANDUM ADOPTING REPORT AND
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On March 3, 2019, the report of the Magistrate Judge (Dkt. #56) was entered containing proposed findings of fact and recommendations that Plaintiff's Notice of Voluntary Dismissal (Dkt. #54) be denied. Having received the report of the Magistrate Judge, having considered Plaintiff's Objection (Dkt. #63), Defendants' Response (Dkt. #70), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

## RELEVANT BACKGROUND

The underlying facts of this case have been set forth previously; as such, the Court sets forth only those facts pertinent to Plaintiff's Objection. Plaintiff filed suit in state court on October 22, 2018, seeking to stop foreclosure of the real property located at: 11898 Eastpark Lane, Frisco, Texas 75034 (the "Property") (Dkt. #1 at pp. 1–2). Prior to removal, on November 13, 2018, Defendants filed an original answer in the state court, containing a general denial and affirmative defenses (Dkt. #5). On November 21, 2018, Defendants removed the case to the Eastern District of Texas (Dkt. #1). Thereafter, the Parties litigated Plaintiff's request for an order enjoining any foreclosure proceedings (Dkts. #26, #28, #36). On February 26, 2019, the Magistrate Judge recommended Plaintiff's motion for emergency relief be denied (Dkt. #50).

On February 28, 2019, Plaintiff filed a Notice of Voluntary Dismissal, seeking to unilaterally dismiss this matter (Dkt. #54). On the same date, Defendants filed an opposition to Plaintiff's dismissal (Dkt. #55). On March 3, 2019, the Magistrate Judge entered a Report and Recommendation, recommending that Plaintiff's dismissal be denied (Dkt. #56). On March 14, 2019, Plaintiff filed his Objection to the Report (Dkt. #63). On March 28, 2019, Defendants filed their Response (Dkt. #70).

**OBJECTIONS TO REPORT AND RECOMMENDATION**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

The Magistrate Judge's Report recommended that Plaintiff's Notice be construed as a Motion for Voluntary Dismissal, and that such Motion be denied. Specifically, the Report found that Plaintiff could not unilaterally dismiss the case because: (1) Rule 41(a)(1)(A)(i) does not apply as Defendants answered the complaint in state court; (2) Rule 41(a)(1)(A)(ii) is also inapplicable given that Defendants refused to stipulate to Plaintiff's dismissal. The Report also concluded Plaintiff could not dismiss under Rule 41(a)(2).

As an initial matter, the Court notes Plaintiff's Objection exceeds the page limit set forth in Local Rule CV-72(c). Notwithstanding, the Court has considered the entirety of Plaintiff's arguments and find the same to be without merit, as discussed *infra*. Plaintiff's primary objection is that the Report incorrectly construed his Notice of Dismissal as a request under Rule 41(a)(2); specifically, Plaintiff argues that the Report erroneously concluded that Defendants' answer in state court foreclosed Plaintiff's ability to voluntarily dismiss this action under Rule 41(a)(1)(A)(i). Defendants respond that "[c]ontrolling Fifth Circuit precedent holds 'a sufficient answer under

state law filed prior to removal is sufficient to preclude voluntary dismissal by notice,'" and therefore, pursuant to Texas Rules of Civil Procedure 85 and 92, Defendants' general denial constitutes a sufficient answer to preclude voluntary dismissal under Rule 41(a)(1)(A)(i); further, "[r]ecognizing Plaintiff could not dismiss the lawsuit under Rule 41(a)(1), the Report followed applicable case law, and to Plaintiff's advantage, liberally construed Plaintiff's attempt to dismiss as a Rule 41(a)(2) motion to dismiss" (Dkt. #70 at pp. 2–3).

As Defendants assert, the Fifth Circuit has held that "where a proper state-court answer has been filed prior to removal, we fail to see how requiring the defendant to re-answer under the requirements of Rule 8 in order to preclude voluntary dismissal would serve any purpose underlying Rule 41. As such, a sufficient answer under state law filed prior to removal is sufficient to preclude voluntary dismissal by notice." *In re Amerijet Intern., Inc.*, 785 F.3d 967, 974–75 (5th Cir. 2015), *as revised* (May 15, 2015). Defendants' general denial is sufficient under Texas state law to constitute an answer (Dkt. #5). Plaintiff provides no authority concluding an answer filed in state court before removal is not an answer under Rule 41(a)(1)(i). Rather, it is abundantly clear under Texas state law that "[t]he original answer may consist of motions to transfer venue, pleas to the jurisdiction, in abatement, or any other dilatory pleas; of special exceptions, *of general denial*, and any defense by way of avoidance or estoppel, and it may present a cross-action, which to that extent will place defendant in the attitude of a plaintiff." Tex. R. Civ. P. 85 (emphasis added). Moreover, under Texas Rule of Civil Procedure 92, "[a] general denial of matters pleaded by the adverse party which are not required to be denied under oath, shall be sufficient to put the same in issue." *See Kilgore Indep. Sch. Dist. v. Axberg*, 06-18-00016-CV, 2019 WL 508963, at *6 (Tex. App.—Texarkana Feb. 11, 2019, pet. filed), *reh'g denied* (Feb. 26, 2019). Because Defendants' general denial constitutes an answer pursuant to Texas state law (and therefore

Rule 41(a)(1)(A)(i)), Plaintiff may not unilaterally dismiss this case. *Harker v. Ocwen Loan Servicing, LLC*, 4:15-CV-719, 2016 WL 1046197, at *2 (E.D. Tex. Mar. 16, 2016). Further, because Defendants do not consent to the dismissal of this action, dismissal is also not appropriate under Rule 41(a)(1)(A)(ii). The case did not end with the filing of Plaintiff's Notice of Voluntary Dismissal. Instead, the Report, to his benefit, broadly construed Plaintiff's request under Rule 41(a)(2), ultimately finding dismissal was also not warranted under that provision. Plaintiff's Objection is overruled, and upon independent review, the Court finds dismissal of this matter under Rule 41(a) is inappropriate.

## CONCLUSION

Having considered Plaintiff's Objection (Dkt. #63), Defendants' Response (Dkt. #70), and having conducted a de novo review, the Court adopts the Magistrate Judge's report (Dkt. #56) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Plaintiff's Motion for Voluntary Dismissal (Dkt. #54) is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED this 2nd day of May, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE